UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LANDON CORNEY,

            Petitioner,

V.

WILLIAM F. HENRI, Executive Director,
South Beach Psychiatric Center

            Respondent.

**REPORT AND RECOMMENDATION**

05-CV-338

---

## I. INTRODUCTION

Petitioner, Landon Corney, by and through his attorney, William Burke Rosbrook, Esq., commenced this action seeking habeas corpus relief under 28 U.S.C. § 2254. Petitioner is a patient at the South Beach Psychiatric Facility in Staten Island, New York. In 2000, he was convicted in a New York State court of Second Degree Burglary and two counts of First Degree Sexual Abuse and was sentenced to a term of imprisonment. Petitioner is currently on parole pursuant to his judgment of conviction, but is confined to the South Beach Psychiatric Facility.[1]  Petitioner contends that his conviction was imposed in

---

[1] Respondent asserts in a footnote that William Henri, the named respondent in this action, is the Executive Director of the South Beach Psychiatric Center, where Petitioner currently resides pursuant to a civil committment order.  See (Docket No.13 at 2 n.1). However,the Petition challenges Petitioner's December 2000 criminal conviction and sentence, and the resulting parole term, rather than his confinement pursuant to the civil commitment order.  Petitioner raises no claims with respect to his confinement at the South Beach Psychiatric Center.  Therefore, Respondent asserts that Henri is not the proper respondent and that instead, the parole board is the proper respondent. (citing Padilla v. Bush, 233 F.Supp.2d 564, 579 n.6 (S.D.N.Y. 2002) (parole board considered custodian for habeas purposes when petitioner has been released into its custody on parole)).  However, for the reasons set forth below, it is recommended that Petitioner's claim for relief be denied.  As such, the question of whether Henri is the proper Respondent is moot and in the interest of judicial economy,  the Court will not address this issue.

violation of his constitutional rights and should be vacated.

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and is presently before this Court for a report and recommendation. (Docket No. 14).

## II. BACKGROUND

**A.     Facts**

The following factual summary is derived from the state court records provided in this case. On November 26, 1999, in the City of Utica, thirteen-year old "N.J."[2] visited an apartment rented by her older sisters, "D.J." and "E.J." In the early afternoon, Petitioner knocked at their door. N.J. answered the knock and asked Petitioner to wait outside while she went to get her sisters. (T at 151-52).[3] Petitioner entered the apartment without waiting, and when D.J. came into the room to see who was at the door, Petitioner pinned her against the wall and began forcibly rubbing her breasts. (T at 158-61). N.J. ran upstairs to get her other sister and called 911. (T at 163). When N.J's sister, E.J., came downstairs, Petitioner grabbed her breasts, slapped her face and buttocks, and pinned her against the kitchen table before finally leaving. (T at 164-65). Petitioner was apprehended less than a block away from the apartment. (T at 166).

On April 26, 2000, an Oneida County Grand Jury returned Indictment Number 2000-113, which charged Petitioner with Burglary in the Second Degree, in violation of New York

---

[2]The victims in this case, "D.J." and "E.J.", as well as "N.J.", the minor child who witnessed the activity, will be referred to by their initials.

[3]References preceded by "T" are to the transcript pages of Petitioner trial.

Penal Law ("N.Y.P.L.") §140.25(2);[4] and two counts of Sexual Abuse in the First Degree, in violation of N.Y.P.L. § 130.65(1).

**B.     State Trial Court Proceedings**

The Honorable Michael L. Dwyer, Oneida County Court Judge, presided over Petitioner's trial proceedings. At arraignment, Petitioner's attorney, Rocco L. Versace, Esq., requested a competency examination before entry of a plea to determine whether Petitioner was competent. (A[5] at 4). Judge Dwyer then asked Petitioner a series of questions about the people in the courtroom. For example, he asked about the prosecutor, to which Petitioner responded that the prosecutor "works for the state...[t]o bring a case against me." Additionally, Petitioner stated that his counsel was present to "represent me," and so forth. (A at 5-7). Judge Dwyer also asked Petitioner about his medications. (A at 6). Thereafter, Judge Dwyer ordered a competency examination to determine whether Petitioner was competent to stand trial. (A 7-8).

Petitioner then underwent two separate psychiatric evaluations ordered by the trial court[6], which yielded reports stating that he was competent to stand trial. (Appendix at A36-A37). At a hearing on June 15, 2000, the prosecutor accepted the reports, but Petitioner's counsel requested that a "pre-plea and probation investigation" be conducted, and that he be allowed to obtain input from the Department of Mental Health of Oneida

---

[4]Unless otherwise indicated, all references to the N.Y.P.L. are to McKinney 1998.

[5]References preceded by "A" are to the transcript pages of Petitioner's arraignment on April 26, 2000.

[6]Petitioner's court ordered psychiatric evaluations were performed by the Oneida County Department of Mental Health, located in Utica, New York.

3

County before he decided whether to accept the reports. (Appendix at A44). On August 4, 2000, the parties, with Petitioner present, appeared before Judge Dwyer. (Appendix at A46). Petitioner stated that he wished to turn down the plea offer and proceed to trial and that he understood he faced up to fifteen years if convicted at trial. (Appendix at A47).

On August 23, 2000, a psychologist retained by Petitioner issued an evaluation report stating that Petitioner was mentally ill and unable "to make an informed consent to determine his fate." (Appendix at A66). On September 1, 2000, the parties again appeared before Judge Dwyer to address Petitioner's competency to proceed. (Appendix at A67). Petitioner's counsel discussed Petitioner's August 23, 2000 evaluation as well as his own difficulty communicating with Petitioner. (Appendix at A68-A69). Judge Dwyer ordered another psychiatric evaluation of Petitioner.

Two additional separate psychiatric evaluations of Petitioner were conducted. The reports issued after these evaluations found that Petitioner was competent to stand trial. (Appendix at A80-A81). Thereafter, both the prosecutor and Petitioner's counsel stated that they accepted the reports' findings that Petitioner was competent to proceed.

Petitioner's trial began on October 3, 2000. On October 4, 2000, the jury found Petitioner guilty of one count of Burglary in the Second Degree and two counts of Sexual Abuse in the First Degree. (T at 343-44).

On December 21, 2000, Judge Dwyer sentenced Petitioner to a determinate sentence of four and one–half years for the Burglary conviction and four years for each of the Sexual Abuse convictions. (S at 12-13)[7]. All three of Petitioner's sentences were

---

[7]References preceded by "S" are to the transcript pages of Petitioner's sentencing hearing before Judge Dwyer on December 21, 2000.

4

concurrent to each other. (Id.). Therefore, Petitioner's total aggregate sentence was four and one–half years.

C.     **State Appellate Proceedings**

Petitioner, represented by Frank J. Nebush, Jr., Esq., appealed his conviction to the Appellate Division, Fourth Department, of the New York State Supreme Court. Petitioner asserted four arguments in support of his appeal: (1) that there was insufficient evidence to establish that, at the time he entered the premises, he intended to commit a crime therein, and the court failed to instruct the jury about when he was required to formulate intent; (2) that the trial court failed to instruct the jury as to the "no favorable inference charge"; (3) that the trial court improperly failed to take steps to make certain he had been provided with anti-psychotic medications before requiring him to decide whether to accept the plea bargain or proceed to trial; and (4) that his sentence was unduly harsh and excessive.

In a decision issued on March 21, 2004, the Appellate Division unanimously affirmed Petitioner's conviction and sentence. People v. Corney, 756 N.Y.S.2d 806 (4th Dep't 2003). The Appellate Division found that Petitioner's "contention that County Court erred in charging the jury with respect to the burglary count [was] not preserved for [their] review" and they declined to exercise their power to review it. Id. The court also went on to state that Petitioner "also failed to preserve for [their] review his contention that the court erred in failing to include in its jury charge an instruction that the jury was not to draw an adverse inference from the fact that defendant did not testify." Id. However, the appeals court did note that trial court did give that charge at the outset of the trial. Id. With respect to

Petitioner's other claims, the court found them to be without merit. See id. Thereafter, Petitioner's application for leave to appeal to the New York Court of Appeals was denied on December 30, 2003. People v. Corney, 775 N.Y.S.2d 787 (2003).

**D.   Federal Habeas Corpus Proceedings**

Petitioner, represented by counsel, commenced this action timely on March 17, 2005, by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). Petitioner now asserts the same four grounds for habeas relief as he did in his appeal to the Appellate Division, claiming: (1) that the trial court improperly failed to take steps to make certain he had been provided with anti-psychotic medications before requiring him to decide whether to accept the plea bargain or proceed to trial; (2) that there was insufficient evidence to establish that, at the time he entered the premises, he intended to commit a crime therein, and the court failed to instruct the jury about when he was required to formulate intent; (3) that the trial court failed to instruct the jury as to the "no favorable inference charge"; and (4) that his sentence was unduly harsh and excessive.

For the reasons that follow, the Court recommends that the Petition be DENIED.

### III. DISCUSSION

**A.      Jurisdiction**

As a threshold matter, the fact that Petitioner is currently paroled does not deprive this Court of jurisdiction to decide the case or render the Petition moot. Jones v.

Cunningham, 371 U.S. 236 (1963); Peck v. United States, 73 F.3d 1220, 1224 n. 5 (2d Cir.1995).

Section 2254 of Title 18, like section 2255, grants a remedy to petitioners in custody, and that condition "encompasses situations where the state has imposed restrictions that 'significantly restrain a petitioner's liberty to do those things which in this country free men are entitled to do.'" United States v. Weiss, 902 F.Supp. 326, 328 (N.D.N.Y.1995) (citing Jones, 371 U.S. at 243). The basic requirements of parole or supervised release, such as regular reporting, impose such restrictions. See Jones, 371 U.S. at 242. Moreover, the State may revoke its clemency and incarcerate Petitioner again. See Cates v. Superintendent, Indiana Youth Ctr., 981 F.2d 949, 952 (7th Cir.1992). Therefore, determination of the merits of this case is appropriate.

**B.    Federal Habeas Corpus Standard**

Federal habeas corpus review of a state court conviction is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal courts must give substantial deference to a state court determination that has adjudicated a federal constitutional claim "on the merits." 28 U.S.C. § 2254(d); Sellan v. Kuhlman, 261 F.3d 303, 309-10 (2d Cir. 2001). The Second Circuit has stated that an "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan, 261 F.3d at 313 (quotation omitted). The Second Circuit has also held that even a one-word denial of a petitioner's claim is sufficient to constitute an "adjudication on the merits" for purposes of AEDPA. Id. at 312-313.

Specifically, AEDPA requires that where a state court has adjudicated the merits of a Petitioner's federal claim, habeas corpus relief may not be granted unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

While both AEDPA and its predecessor statute recognize that a presumption of correctness shall apply to state court findings of fact, Whitaker v. Meachum, 123 F.3d 714, 715 n. 1 (2d Cir. 1997), AEDPA also requires a Petitioner to rebut that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); LanFranco v. Murray, 313 F.3d 112, 117 (2d Cir. 2002). A presumption of correctness applies to findings by both state trial and appellate courts. Galarza v. Keane, 252 F.3d 630, 635 (2d Cir. 2001); Whitaker, 123 F.3d at 715 n.1.

In Williams v. Taylor, 529 U.S. 362, 413 (2000), the Supreme Court defined the phrases "contrary to" and "unreasonable application of" clearly established federal law. A state court decision is "contrary to clearly established federal law . . . if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts." Id.

A state court decision involves "an unreasonable application of" Supreme Court case law if it "identifies the correct governing legal principle from [the Court's] decisions but

8

unreasonably applies that principle to the particular facts of [a] prisoner's case." Id.

Under this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. In order to grant the writ there must be "some increment of incorrectness beyond error," although "the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

**C.    Petitioner's Claims**

As set forth above, Petitioner asserts the following four claims in support of this Petition: (1) that the trial court improperly failed to take steps to make certain he had been provided with anti-psychotic medications before requiring him to decide whether to accept the plea bargain or proceed to trial; (2) that there was insufficient evidence to establish that, at the time he entered the premises, he intended to commit a crime therein, and the court failed to instruct the jury about when he was required to formulate intent; (3) that the trial court failed to instruct the jury as to the "no favorable inference charge"; and (4) that his sentence was unduly harsh and excessive.

    **1.    Procedural Default of Claims Two and Three**

Respondent asserts that two of Petitioner's claims are procedurally barred.

Specifically, Respondent argues that Petitioner's second and third claims that there was insufficient evidence to establish that he intended to commit a crime and that the court failed to instruct the jury on intent required for burglary and the "no favorable inference charge" are both procedurally barred. See (Docket No. 13 at 22-33).

Where the highest state court that rendered a judgment in the case "clearly and expressly states that its judgment rests on a state procedural bar," such procedural default constitutes independent and adequate state grounds to deny habeas relief. Harris v. Reed, 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (internal quotations and citations omitted); see also Glenn v. Bartlett, 98 F.3d 721, 724 (2d Cir.1996); Levine v. Commissioner of Corr. Servs., 44 F.3d 121, 126 (2d Cir.1995).

In such cases, a federal court is generally barred from reviewing the petitioner's claims. A federal habeas court may review a petitioner's claims only if the petitioner demonstrates (1) cause for the default and resulting prejudice, or (2) that the failure to consider the claims will "result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991); see also Edwards v. Carpenter, 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).

As to the first test, "cause" is defined as "'some objective factor external to the defense [that] impeded counsel's efforts' to raise the claim in state court." McCleskey v. Zant, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). To demonstrate prejudice, the petitioner must show more than the errors "created a possibility of prejudice, but [instead] that they worked to his actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Where a petitioner

is unable to show cause, the Court need not consider actual prejudice. See McCleskey, 499 U.S. at 502, 111 S.Ct. 1454.

On direct appeal, the Appellate Division, relying upon New York's contemporaneous objection rule, held that Petitioner's claim that the trial court erred in charging the jury with respect to intent for burglary was unpreserved for review due to the lack of timely objection. Corney, 756 N.Y.S.2d 806; N.Y.Crim. Proc. Law § 470.05(2).[8]  The Second Circuit has held that New York's contemporaneous objection rule is an "adequate and independent" state ground for procedural default in cases where defense counsel has failed to object. See Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir.1990) (violation of New York's contemporaneous objection rule is an adequate and independent state ground); Garcia v. Lewis, 188 F.3d 71, 79 (2d Cir.1999); Murray v. Carrier, 477 U.S. at 485-92, 106 S.Ct. 2639.

Additionally, the Appellate Division held that Petitioner also failed to preserve for its review his claim that the trial court erred in failing to include in its jury charge that the jury was not to draw an adverse inference from the fact that Petitioner did not testify at trial. Corney, 756 N.Y.S.2d 806.  The Appellate Division's statement that Petitioner's claim was "unpreserved" is sufficient to establish that it was relying on a procedural bar as an

---

[8]Section 470.05(2), which is known as the "contemporaneous objection rule," provides, in relevant part, as follows:

> For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same.

N.Y.Crim. Proc. Law § 470.05(2).

independent ground in disposing of the issue. See Harris v. Reed, 489 U.S. 255, 265 n.12, 109 S.Ct. 1038 (1989). Thus, this ruling constituted an "independent" state law ground for the decision.

As noted above, a petitioner may obtain habeas review of an otherwise procedurally defaulted claim only if he can show "cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Id., 489 U.S. at 262, 109 S.Ct. 1038 (internal citations omitted); accord, e.g., Fama v. Commissioner of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 2000). In order to show a "fundamental miscarriage of justice," Harris, 489 U.S. at 262, 109 S.Ct. 1038, a petitioner must demonstrate "actual innocence." Calderon v. Thompson, 523 U.S. 538, 559, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998); accord Washington v. James, 996 F.2d 1442, 1447 (2d Cir.1993), cert. denied, 510 U.S. 1078, 114 S.Ct. 895, 127 L.Ed.2d 87 (1994).

Petitioner has not alleged any facts that would constitute cause for default. Nor has he demonstrated that he has suffered " 'actual prejudice' resulting from the alleged error." Bousley v. United States, 523 U.S. 614, 630, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (quoting United States v. Frady, 456 U.S. 152, 167-168, 102 S.Ct. 1584, 1594-1595, 71 L.Ed.2d 816 (1982)). Finally, Petitioner has not come forward with any "new evidence" to support a claim that he is "actually innocent" of the charges on which he was convicted. See Schlup v. Delo, 513 U.S. at 327, 115 S.Ct. 851. Accordingly, the procedural default bars federal review of Petitioner's claims challenging the trial court's jury instructions and they should be DISMISSED.

### 2.     Anti-Psychotic Medications

Petitioner also argues that he was denied due process of law when the trial court "failed to take steps to provide [him] with [his] anti-psychotic medications" before he decided whether to accept a plea offer in this case. (Docket No. 1 at 6). This Court will construe Petitioner's argument as asserting that the trial court did not take the proper steps to ensure that he was competent to either accept or reject a plea offer or that he was fit to stand trial.

The Supreme Court recognizes that is a violation of defendants' constitutional rights to convict them if they are legally incompetent. See, e.g. Pate v. Robinson, 383 U.S. 375, 378 (1966). "The Supreme Court has set forth a two-prong test for determining competency to stand trial. The defendant must have (1) 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and (2) 'a rational as well as factual understanding of the proceedings against him.' U.S. v. Nichols, 56 F.3d 403, 410 (2d Cir. 1995)(quoting Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960) (per curiam)).

"[T]he failure to hold a required competency hearing deprives a defendant of his constitutional right to a fair trial and renders the conviction void." Nicks v. United States, 955 F.2d 161, 167- 168 (2d Cir.1992); accord, e.g., Harris v. Kuhlmann, 346 F.3d 330, 350 (2d Cir. 2003); Griffin v. Lockhart, 935 F.2d 926, 929 (8th Cir.1991); Cruz v. New York, 03 Civ. 9815, 2004 WL 1516787 at *5-6 (S.D.N.Y. July 6, 2004); Armstrong v. Duncan, 03 Civ. 930 & 1442, 2003 WL 22339490 at *8 (S.D.N.Y. Oct. 14, 2003). Therefore, federal courts have granted habeas corpus petitions where a potentially incompetent defendant was tried without a competence hearing. See Pate, 383 U.S. at 386; Silverstein v. Henderson, 706

F.2d 361, 369 (2d Cir.), cert. denied, 464 U.S. 864, 104 S.Ct. 195 (1983).

However, in the present case, as discussed in the background section above, Petitioner was given numerous competency examinations and hearings. In fact, four separate, court-ordered psychiatric examinations as reflected in four separate reports determined that Petitioner was competent to stand trial. (Appendix at A36-A37, A80-A81). Accordingly, Petitioner was afforded due process of law by virtue of these separate court ordered psychiatric evaluations and the hearings afforded by the trial court and his claim should be DISMISSED. Pate, 383 U.S. at 386.

### 3.   Sufficiency of the Evidence

Petitioner also claims that there was insufficient evidence to prove that he possessed the requisite intent required to support his conviction for Second Degree Burglary. Although Petitioner raised this argument on direct appeal, it does not appear that the Appellate Division considered the merits of this particular claim. Accordingly, this Court will consider the issue *de novo*. See Washington v. Shriver, 255 F.3d 45, 55 (2d Cir.2001).

A conviction will be found to be supported by sufficient evidence if, " 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Dixon v. Miller, 293 F.3d 74, 81 (2d Cir.2002) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)) (emphasis in original). On habeas review, a court is not permitted to "'make its own subjective determination of guilt or innocence.'" Quartararo v. Hanslmaier, 186 F.3d 91, 97 (2d Cir.1999) (quoting Herrera v. Collins, 506 U.S. 390, 402, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)). Accordingly, a habeas petitioner bears a

"heavy burden" in challenging the sufficiency of the evidence supporting his conviction. Id.

When considering the sufficiency of the evidence of a state conviction "[a] federal court must look to state law to determine the elements of the crime." Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002) (quoting Quartararo, 186 F.3d at 97. Under New York law, to establish Petitioner's guilt of Burglary in the Second Degree, the prosecution was required to prove that; Petitioner knowingly entered a dwelling (*i.e.* the apartment), or remained unlawfully therein, "with intent to commit a crime therein." Penal Law § 140.25. The intent to commit the crime may be implied by the act itself or may be demonstrated by defendant's conduct and surrounding circumstances. See People v. McGee, 611 N.Y.S.2d 261 (2d Dep't 1994)(citing People v. Bracey, 41 N.Y.2d 296, 392 (1977)).

According to the testimony at trial, Petitioner entered the apartment unlawfully and without permission and stated that he was looking for "anybody." (T at 151-52). Petitioner then screamed at the victim, D.J., to close the door and then pinned her against the wall and rubbed her breasts. (T at 157-63, 180-83). When E.J. came into the room, he proceeded to pin her on a table and rub her breasts. (T at 185, 198, 213-16, 229-30). Petitioner then left the apartment. (T at 186, 218).

Viewing the evidence in the light most favorable to the prosecution, this Court finds that any rational trier of fact could conclude that Petitioner knowingly entered or remained unlawfully in the apartment with the intent to commit a crime therein. See People v. Garcia, 794 N.Y.S.2d 27, 27 (1st Dep't 2005) (finding that evidence was sufficient to support conviction for Second Degree Burglary because "[t]he jury could have reasonably inferred that defendant entered the victim's apartment with intent to commit a crime, particularly since there was credible evidence that defendant began to beat the victim immediately after

his unlawful entry"); People v. Warfield, 774 N.Y.S.2d 324 (1st Dep't 2004)(stating defendant's "course of sexually aggressive conduct, both before and after entering the apartment in question," was properly considered as evidence of his intent to commit a sex crime, in support of conviction for the crime of burglary in the second degree); People v. Brown, 674 N.Y.S.2d 149, 151 (3d Dep't 1998) (finding evidence sufficient to support Second Degree Burglary conviction because "upon entry, defendant possessed the intent to commit sexual abuse as no other rational inference can be drawn from his actions in approaching the victim and extending his hand to within inches of her breasts, asking if she wanted to 'fool around'").

Accordingly, Petitioner's claim for habeas relief based upon alleged insufficiency of the evidence should be DISMISSED[9].

### 4.     Harsh and Excessive Sentence

Lastly, Petitioner claims that his sentence of four and one–half years was harsh and severe. The Appellate Division denied this claim on the merits, finding that the sentence was "not unduly harsh or severe." Corney, 756 N.Y.S. 2d at 806. Respondent argues that this ground for habeas relief is not cognizable on federal habeas review.

A challenge to the term of a sentence does not present a cognizable constitutional issue if the sentence falls within the statutory range. White v. Keane, 969 F.2d 1381, 1383

---

[9]Although Petitioner argued to the Appellate Division that his bizarre behavior upon entering the premises indicated some sort of psychiatric problem that would therefore prevent the prosecution from establishing his intent to commit a crime in the premises, Petitioner, represented by counsel, made no such assertion in his habeas petition. *Compare* "Brief for Appellant" before the Appellate Division at 37, *with* Docket No. 1 at 7. Therefore, the Court will not address that issue.

(2d Cir.1992). A petitioner's assertion that a sentencing judge abused his discretion in sentencing is generally not a federal claim subject to review by a habeas court. See Fielding v. LeFevre, 548 F.2d 1102, 1109 (2d Cir. 1977) (petitioner raised no cognizable federal claim by seeking to prove that state judge abused his sentencing discretion by disregarding psychiatric reports) (citing Townsend v. Burke, 334 U.S. 736, 741 (1948)("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus.")).

Petitioner was sentenced to a determinate term of four and one–half years for his conviction of Burglary in the Second Degree (Class C violent felony offense) and to four years for each of his two convictions of Sexual Abuse in the First Degree (Class D violent felony offense) to run concurrent to each other. (S at 12-13).

The sentencing range for a class C violent felony is three and one–half to fifteen years imprisonment. N.Y. Penal Law § 70.02(3)(b). The maximum term of imprisonment for a class D violent felony is two to seven years. Id. at § 70.00(3)(c). Therefore, Petitioner's sentences were within the statutory range and close to the minimums.

Petitioner's sentence fell within the permissible statutory range and therefore his fourth ground for habeas relief should be DISMISSED.

## IV. CONCLUSION

For the reasons stated above, the Court recommends that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied, and that the Petition be dismissed.

Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED:     April 19, 2007

Syracuse, New York

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE**

**DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

April 19, 2007

Victor E. Bianchini
United States Magistrate Judge